## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 30 2016, 8:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sammie L. Binion,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 30, 2016<br>Court of Appeals Case No.<br>20A04-1604-CR-918<br>Appeal from the Elkhart Superior<br>Court<br>The Honorable Gretchen S. Lund,<br>Judge<br>Trial Court Cause No.<br>20D04-1406-FD-682 |

**Najam, Judge.**

## Statement of the Case

Sammie Binion appeals his sentence following his conviction for theft, as a Class D felony. Binion presents a single issue for our review, namely, whether the trial court erred when it imposed a fee for collecting a DNA sample from him. We affirm.

## Facts and Procedural History

On March 2, 2016, Binion pleaded guilty to theft, as a Class D felony. On March 30, the trial court sentenced Binion to 545 days executed in the Indiana Department of Correction. In its sentencing statement, the trial court ordered Binion "to submit to a DNA sample at his own expense." Tr. at 23. This appeal ensued.

## Discussion and Decision

Binion acknowledges that, under Indiana Code Section 10-13-6-10 (2016), he is required to provide a DNA sample. Binion also acknowledges that, under Indiana Code Section 33-37-5-26.2, he was required to pay a $2 fee for the collection of that DNA sample. But Binion contends that the trial court imposed an additional fee for the collection of the DNA sample for "an indeterminate amount of money[.]" Appellant's Br. at 5. And Binion maintains that "[n]othing in the code authorizes the court to impose" that alleged additional fee. *Id.*

Binion does not direct us to anything in the record showing that he was required to pay more than $2 for the DNA sample collection. The only

reference to a DNA collection fee in the record is the trial court's statement at sentencing that Binion was "to submit to a DNA sample at his own expense." Tr. at 23. As the State points out, there is no evidence to suggest that, with that statement, the trial court meant anything other than the statutory $2 collection fee. Accordingly, Binion has not shown any error.

Affirmed.

Bailey, J, and May, J., concur.